UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>v.                                         )<br>)<br>HENRY W. BANKS                       )<br>    Defendant.                        ) | Crim. No. 61-0806 (TFH) |

GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION
TO EXPUNGE CRIMINAL RECORD

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits the following opposition to defendant's motion to expunge his criminal record.

In Doe v. Webster, 606 F.2d 1226, 1230 (D.C. Cir. 1979), the D.C. Circuit noted that, even absent a statute authorizing expungement, federal courts have the power to order expungement only in certain extraordinary circumstances. In Doe, supra, the court reviewed the expungement case law, and indicated that the power to grant expungement is very narrowly limited:

> [A]lthough there are indeed many instances in which courts have ordered expungement of arrest records in the exercise of their inherent equitable powers, all of those cases involved either a lack of probable cause coupled with special circumstances, flagrant violations of the Constitution, or other unusual and extraordinary circumstances.

Id.; Saidi v. Washington Metro Transit, 928 F.Supp. 21, 29 (D.D.C. 1996). Furthermore, the D.C. Circuit has explicitly noted that "absent statutory authority it would be wholly inappropriate to

order such an expungement in a case such as this where there has been not only a valid arrest but a valid conviction." Doe, supra,606 F.2d at 1231; Stevens v. Stover, 727 F.Supp. 668, 673 n.10 (D.D.C. 1990).

This defendant is not entitled to the relief he seeks because his case resulted in a valid conviction.  More specifically, on January 3, 1962, defendant pled guilty to Larceny.  On January 26, 1962, defendant was placed on probation for a period of five years.  On December 21, 1962, defendant's probation was revoked and defendant was sentenced to imprisonment for a period of one to three years.  Defendant now asks this Court to expunge his record for employment purposes.  However, the defendant has not claimed that governmental misbehavior led to his arrest, that he was innocent, or that the harm to him from the maintenance of the arrest record was not attributable to his own conduct.  Likewise, defendant has not established a flagrant violations of the Constitution or any other extraordinary circumstances, to establish that he is entitled to relief.  The Court simply lacks the power to expunge a conviction under these circumstances and, as it were, to re-write history so that the defendant's potential employers are in effect misled as to defendant's true and accurate criminal history.  See Doe, supra, 606 F.2d at 1231; Stevens, supra,727 F.Supp. at 673 n.10

Although the government recognizes defendant's plight, it is constrained to note that defendant is not entitled to the relief he seeks.  Indeed, the defendant has not claimed, let alone established, that the government lacked probable cause to arrest his, and that the government committed flagrant violations of the Constitution in connection with his arrest, to justify the relief he now seeks.  To the contrary, defendant pled guilty to the crime for which he was arrested, thereby conclusively establishing that defendant is not entitled to expungement of either his conviction or his arrest record.  Doe, supra, 606 F.2d at 1231.

Accordingly, defendant's motion should be summarily denied.

Respectfully submitted,

\_\_\_\_/s/_____
KENNETH L. WAINSTEIN, Bar No. 451058
UNITED STATES ATTORNEY


\_\_\_\_/s/_____
CAROLYN K. KOLBEN
Assistant United States Attorney

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that this 20th day of September, 2006, this opposition was filed via the Electronic Case Filing System and a copy of the foregoing Government's Opposition to Defendant's Motion to Expunge his Criminal Record has been served by mail upon defendant:

>Henry W. Banks
>1331 Wilmington Place, S.E., #104
>Washington, D.C.  20032

>_____/s/_____
>Carolyn K. Kolben, Bar No. 391-156
>Assistant United States Attorney
>Room 10-441
>555 4th Street N.W.
>Washington, D.C. 20530
>202-514-7280